WILLIAM PRIDAY *v.* FRED BACON.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 8—decided April 5, 1939.

*Philip Reich,* with whom, on the brief, were *Cyril Cole, Morton Cole* and *Samuel Reich,* for the appellant (plaintiff).

*M. J. Blumenfeld,* for the appellee (defendant).

AVERY, J. The plaintiff, while walking in a westerly direction to his work, at about 6.45 a. m. of January 3, 1936, on the north side of Riverside Avenue, in Bristol, was struck by an automobile proceeding in the same direction, operated by the defendant, and injured. The case was tried to the court and from a judgment in favor of the defendant the plaintiff has appealed. The essential facts found by the court are these: Riverside Avenue is surfaced with black macadam, its traveled part being twenty-one or twenty-two feet wide, with a hard, gravel shoulder four feet wide on the north side. The plaintiff was employed at the plant of the Sessions Hardware Company, located on the north side of the avenue. Separated from the right edge of the right shoulder of the road by a strip of grass, was a cinder path about four feet wide, running parallel with the road, suitable for use by pedestrians and so used. This path commenced at a point about five or six hundred feet east of the Sessions Company plant. The plaintiff was familiar with the roadway and path, and was walking between the center line and the northerly edge of the traveled part of the road, at a point adjacent to the foot path. A heavy rain was falling, it was still dark, and

the plaintiff was wearing dark clothes. He knew of the existence of the foot path and that automobiles at that hour regularly used the avenue. Up to the time of the accident, he saw no vehicle approaching from the west, he did not look toward the rear to ascertain whether cars were approaching from that direction, and did not see the defendant's automobile or the lights from it.

The defendant was driving at a moderate rate of speed, with headlights lighted and double windshield wipers in operation. On reaching a point in the road about opposite the Day Machine Company's plant, the headlights of a motor bus approaching in the opposite direction flared into his face and prevented him from seeing ahead. He removed his foot from the accelerator and slowed down. The instant the lights of the bus passed, the defendant saw the back of the plaintiff, about two feet in front of his car, and immediately applied the brakes, but the plaintiff came into collision with the right headlight of the car. The defendant had been keeping a careful and proper lookout, and had been watching the road prior to the collision, but saw no one in front of him.

Upon these facts, the trial court decided that the defendant was not negligent and that there was contributory negligence on the part of the plaintiff. In this appeal, the plaintiff has sought numerous corrections and additions to the finding, the substance of the plaintiff's contention being that there was no credible evidence sufficient to establish either that the defendant was free from negligence or that there was contributory negligence on the part of the plaintiff. The plaintiff asserts that the testimony of two of the defendant's witnesses given at the trial was inconsistent with written statements which they had signed soon after the occurrence, and that the defendant's tes-

timony, that his vision was interfered with by the light of a passing bus, was inconsistent with the statement he made to the police sergeant upon the day following, wherein no reference was made to the passing bus. The plaintiff claims that the testimony of the defendant and these two witnesses should have been disregarded as incredible, and the trial court should have found that the collision did not occur at a point in Riverside Avenue opposite the foot path but much further east before the foot path commences; that the plaintiff was not walking upon the north line of the road but much further to the right and off of the traveled way; and that the bus which the defendant said momentarily interfered with his vision had passed some time before the collision. The plaintiff claims that these facts do not establish negligence on his part or freedom therefrom on the part of the defendant. These contentions of the plaintiff are considerations affecting the weight to be given to the testimony by the trial court, whose province it is to determine the facts from the evidence offered. Reduced to its last analysis, the contention of the plaintiff is that this court retry the case on the evidence. We do not do this. *Fiala* v. *Connecticut Electric Service Co.*, 114 Conn. 172, 177, 158 Atl. 211; *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 537, 129 Atl. 527; *DeFeo* v. *Hindinger*, 98 Conn. 578, 581, 120 Atl. 314; *Thresher* v. *Dyer*, 69 Conn. 404, 408, 37 Atl. 979.

The plaintiff makes the further contention that the defendant was negligent as a matter of law in not stopping when the lights of the approaching bus interfered with his vision. When vision is momentarily impaired by lights of a vehicle approaching in the opposite direction, the operator of a motor vehicle is required to exercise care for the safety of others commensurate with the danger. Whether he should come to a full

stop depends upon the circumstances of the particular case. This is a question of fact to be determined by the trier. *Kapilonuz* v. *Sundman,* 123 Conn. 214, 217, 193 Atl. 749; *Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 122 Atl. 717.

The plaintiff seeks to have reviewed a certain claimed ruling of the trial court in the argument of the case to the effect that no consideration would be given to an inconsistent written statement made by a witness because this statement was taken by an attorney representing the plaintiff. As it does not appear from the finding or from the record that any such ruling was made, and no attempt has been made to rectify the appeal, there is nothing upon this subject before this court upon which it can act. *Fitzgerald* v. *Savin,* 119 Conn. 63, 67, 174 Atl. 177; *Munson* v. *Atwood,* 108 Conn. 285, 290, 142 Atl. 737.

There is no error.

In this opinion the other judges concurred.