BEATRICE HUDICK, ADMINISTRATRIX (ESTATE OF JENNIE RODYNSKY) *v.* FRANK TYCZ ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 6—decided November 8, 1955

*Andrew Pulaski,* with whom, on the brief, were *Charles G. Albom* and *Donald W. Celotto,* for the appellants (defendants).

*Samuel H. Platcow,* with whom was *Francis R. Danaher,* for the appellee (plaintiff).

WYNNE, J.   This appeal is concerned with the facts of a highway fatality.   The assignment of errors has to do only with the finding and conclusions of the trier.

The trial court's finding of facts, so far as it is not challenged, is, in summary, as follows: On December 15, 1953, at about 6:10 a.m., the plaintiff's decedent was struck by an automobile driven by the defendant Frank Tycz and was killed.   The vehicle was owned by the defendant Mary Tycz and at the time of the occurrence was being operated as a family car.   The plaintiff's decedent was on her way to work.   It was dark at the time.   She was crossing East Main Street in Meriden, having emerged from Paddock Avenue, which intersects East Main Street on the south but does not cross it.   East Main Street is a two-lane highway about forty-three feet wide. It runs east and west and is a main artery of traffic between Meriden and Middletown.   At the time of the occurrence involved in this case, the street light at the corner of East Main Street and Paddock Avenue was lighted.   The defendant operator was approaching the intersection from the east at a speed of about forty miles per hour.   While approaching and passing through the intersection, he did not reduce his speed.   The plaintiff's decedent had crossed the center line of East Main Street and was in the lane for westbound traffic when she was struck by the right front portion of the defendants' automobile.

The defendant operator did not see the plaintiff's decedent, who was wearing a dark gray coat and a dark gray hat, until he was about ten feet from her. He did not apply his brakes before striking her. As a result of the collision, the plaintiff's decedent was carried and thrown for a distance of 113 feet. The front right side of the vehicle, the grille and the radiator were pushed up against the fan, and the radiator began leaking. The right front fender was pushed in and dented, and the hood was pushed out of shape. At the time the weather was clear and the roadway was dry. Both headlights on the defendants' car were lighted.

On the foregoing facts, the court concluded that the operator of the car was negligent and that his negligence was the proximate cause of the injuries to, and the resulting death of, the plaintiff's decedent. Ordinarily, a conclusion of negligence, or freedom from it, is one of fact. "The reason is that 'the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier.'" *Skovronski* v. *Genovese,* 124 Conn. 482, 483, 200 A. 575. Courts must necessarily rely upon circumstantial evidence and are entitled to draw reasonable and logical inferences from all the facts. *Fandiller* v. *Peluso,* 139 Conn. 225, 228, 92 A.2d 734. The court in the instant case could have determined from the unchallenged findings that the speed of the defendant driver, his failure to slacken it as he passed through the intersection, and his failure to observe the plaintiff's decedent as she crossed the highway combined to make him negligent. The physical damage to the vehicle and the distance the decedent was carried

and thrown lend further support to the conclusion of negligence.

The defendants relied on the defense of contributory negligence and now seek to have the finding changed in such a way as to show that the plaintiff's decedent was negligent as a matter of law. None of the suggested changes would advantage the defendants. It is the defendants' contention that if the decedent had been using reasonable care to keep a proper lookout she would of necessity have seen the approaching car in time to avoid being struck by it. The defendants argue that the fact that she was hit proves as a matter of law that she was not exercising reasonable care. This by no means follows. She could well have seen the car but in the exercise of reasonable care have underestimated the speed at which it was approaching or assumed that it would slacken its speed as it approached the intersection. The court as the trier of facts properly concluded that the defendants failed to sustain the burden of proving their allegation of contributory negligence. See *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d 685.

The defendants rely on evidence to support their claim that the court erred in reaching its conclusions. The court's conclusions are to be tested by the finding. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 358, 114 A.2d 216. In the final analysis, the contention of the defendants is that this court should retry the case on the evidence. This we cannot do. *Priday* v. *Bacon,* 125 Conn. 354, 357, 5 A.2d 709.

There is no error.

In this opinion the other judges concurred.