THE INVESTORS MORTGAGE COMPANY *v.*
KITTA SCHIOTT ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 1—decided December 13, 1955

*Daniel F. Wheeler* and *Arthur C. Williams,* for the appellant (plaintiff).

*Lorin W. Willis,* for the appellees (defendants).

WYNNE, J. In this action for a broker's commission on the sale of real estate formerly owned by the defendants, the court rendered judgment for the plaintiff to recover for services rendered. From that judgment the plaintiff has appealed, claiming it is entitled to a judgment as broker on an established commission basis. The original complaint had but a single count. It set up the employment of the plaintiff as a broker by the defendants' authorized agent, the sale of the property for $245,000, and the claim that the plaintiff was entitled to a commission of 5 per cent of the purchase price. Nearly two years after the date of the writ and more than eighteen months after the return of the original process, the plaintiff filed an amendment to its complaint by adding a second count. In substance this declared on a quantum meruit for services rendered the defendants

by the plaintiff and sought as damages the same amount as had been fixed under the theory which was the basis of the first count.

So much of the finding as is not attacked may be summarized as follows: The plaintiff for twenty-five years has been engaged in the real estate brokerage business in Bridgeport. On and prior to March 24, 1953, the defendants owned real estate at 283-295 Fairfield Avenue, Bridgeport. The premises had been occupied for some years by the Blue Ribbon Garage, Inc., under a written lease which contained a provision giving to the tenant an option of first refusal to buy the property upon the same terms as any prospective purchaser offered to the defendants. In the latter part of May, 1952, the defendants approached the plaintiff to engage its services in procuring a new lease of the property from the then tenant or any other tenant and in interesting the tenant or other prospective customers in the purchase of the property. In the early part of June, 1952, the plaintiff was given a copy of the existing lease with the Blue Ribbon Garage and was made aware of its option of first refusal in the event an offer to purchase was made to the owners by any outside interests. In the early part of October, 1952, the Blue Ribbon Garage made it known to the plaintiff that it was not particularly interested in buying the property, but, speaking through its president, it indicated a willingness to buy for a price of $150,000. The plaintiff did not even submit this figure as an offer. Thereafter, the plaintiff began to exert efforts to obtain an offer from some outsider to purchase the property and finally was able to submit to the defendants an offer made by the Howland Dry Goods Company in the sum of $235,000. Upon hearing of that offer, the Blue Ribbon Garage made an offer in

the same amount which was verbally accepted. Before the deal was consummated, the Blue Ribbon Garage was informed by the defendants that an offer for the property had been made in the sum of $245,000. This offer was promptly matched, and the property was conveyed to the Blue Ribbon Garage for that sum. The plaintiff had made several attempts to obtain a written contract designed to protect it in the event it was successful in negotiating a sale as broker, but no such contract was ever executed.

The court concluded that the plaintiff had no claim as a broker but that the efforts it had expended had resulted in arousing interest in the property and in increasing offers for it. The court held that the plaintiff was entitled to be paid for its services in that respect and rendered judgment for the plaintiff to recover of the defendants the sum of $5252.

In its appeal, the plaintiff makes a sweeping attack on the finding. In the first assignment of error no less than twenty-six paragraphs of the draft finding are listed as paragraphs which should have been found. The facts set forth in these paragraphs are either immaterial or not undisputed. They therefore should not be added to the finding. In the second assignment of error, the plaintiff lists nineteen paragraphs which should not have been included in the finding. The claimed facts set forth in these nineteen paragraphs are not included in the summary of the unchallenged finding detailed above. Such a wholesale attack on a finding is unavailing if what is left legally supports a court's conclusions. Conclusions by the court are tested by the finding, not by what may be culled from the evidence. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 358, 114 A.2d

216. We cannot retry the case. *Priday* v. *Bacon,* 125 Conn. 354, 357, 5 A.2d 709.

To entitle a broker to a commission in a case in which he does not have an exclusive agency, his efforts must have been the predominating producing cause of the sale. *Kane* v. *Brunneau,* 141 Conn. 242, 246, 105 A.2d 187. In the present case, the court properly refused to find that the plaintiff had an exclusive agency. In view of the fact that the Blue Ribbon Garage had an option to purchase before the plaintiff started to negotiate with it and that it was not the direct effort of the plaintiff that produced the final offer that was accepted, the court was warranted in concluding that the plaintiff's efforts had not been the predominating producing cause of the sale.

The plaintiff claims that the court had no evidence of probative force before it on the value of the plaintiff's services except that of an officer of the plaintiff who testified that the reasonable value of its services was 5 per cent of the price which the Blue Ribbon Garage finally paid for the property. This by no means follows. In the case of *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358, we held that in the fixing of damages the court is not bound to accept what an expert witness may say. The fixing of proper damages is the function of the court.

The view we have taken makes it unnecessary to discuss the details of the other claims made by the plaintiff. These all concern the fundamental issue which our decision settles.

Since the defendants have caused the transcript, rather than a narrative of the evidence, to be printed as an appendix, contrary to Practice Book § 448, no costs should be taxed for the expense of printing the appendix. Practice Book § 452.

There is no error.

No costs shall be taxed in favor of the defendants for the expense of printing the appendix to their brief.

In this opinion the other judges concurred.