## David Katz *v*. Sheila Martin

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued January 4—decided February 21, 1956

*Frank J. DiSesa,* for the appellant (defendant).

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellee (plaintiff).

Wynne, J. This is an action for a broker's commission on the sale of real estate formerly owned by the defendant. The court rendered judgment for the plaintiff, and from that judgment the defendant has appealed.

As to the controlling facts, the finding may be summarized as follows: In 1948 the defendant, a resident of California, owned several tracts of unimproved land in Stamford, one being a tract con-

taining approximately 62.45 acres and known as tract No. 2 on a map on file which showed the defendant's holdings. She listed the property with the plaintiff in 1948. She agreed with the plaintiff upon a commission of 5 per cent of the purchase price in the event he procured a buyer for the parcel. It consisted of forty-six acres, the city of Stamford having obtained by condemnation the remaining acreage in the so-called tract No. 2. The defendant fixed $2000 per acre as her selling price for the forty-six acres in question. The plaintiff procured a prospective purchaser for the parcel, a developer named Raymond Wennik. There ensued, between the defendant and Wennik's attorney, a long series of negotiations marked by considerable vacillation in the demands of the defendant. Finally Wennik, by telephone conversation with the defendant on May 27, 1953, agreed to all of her terms for the sale of the parcel.

On the foregoing facts the court concluded that the plaintiff had produced a purchaser ready, willing and able to buy upon terms acceptable to the seller and that he was entitled as broker to a commission which it had previously been agreed would be 5 per cent of any purchase price.

The defendant has made a wholesale attack on the finding, but it is supported by the evidence in the appendix filed. The purported facts set forth in the draft finding which the defendant seeks to have added are immaterial or are not undisputed. The sole question, therefore, concerns the court's conclusion that the plaintiff's customer had agreed with the defendant in the telephone conversation of May 27, 1953, with each and all of her terms of sale to him. The court found that he had. The defendant denied that she had talked with Wennik over the

telephone. It is her claim that the events immediately preceding the disputed telephone conversation had not resulted in any agreement on her part to sell. On the contrary, it is her claim that the plaintiff and the attorney representing Wennik were attempting to get an agreement from her and that she resisted these attempts and left the resumption of negotiations dependent upon her coming from California and employing an attorney to draft in her behalf any final agreement. She characterized the plaintiff's attempts by letter, telephone and wire to pin her down to a definite agreement to sell as pressure which she resisted. The question is not whether the prospective purchaser and the seller entered into an agreement. It is rather whether the offer of one party fairly met the terms of the other. *Dyas* v. *Akston,* 137 Conn. 311, 313, 77 A.2d 79. The court found that the defendant had talked with Wennik over the telephone, and the court accepted his version of that vital conversation. It became a question of credibility, and the court found against the defendant. The conclusions of the court are legally drawn from the facts found. To interfere with the conclusions would be to substitute different findings of facts. This cannot be done where there is evidence upon which reasoning minds might disagree. *Holmes* v. *New London,* 140 Conn. 477, 478, 101 A.2d 302. It is not given to us to retry a case. *Hudick* v. *Tycz,* 142 Conn. 715, 718, 118 A.2d 306. The case presented controversial issues of fact which were solely within the province of the trial court to decide. Maltbie, Conn. App. Proc., § 4.

There is no error.

In this opinion the other judges concurred.