STANLEY J. LUCAS ET AL. v. ALGONQUIN GAS TRANSMISSION COMPANY ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and ALCORN, Js.

Argued March 7—decided May 1, 1956

*William K. Lawlor,* for the appellants (plaintiffs).

*James W. Carpenter,* for the appellees (defendants).

WYNNE, J. In this action the plaintiffs seek to recover damages for substantial injury claimed to have been caused by the condition in which property outside the bounds of the named defendant's right of way was left after the construction of a pipe line. The appeal is from a judgment for the defendants rendered by the Superior Court. The suit was brought against the named defendant, hereinafter called Algonquin, and the contractor which performed the work. By stipulation, the appeal is determinative of the issues of a similar action disposed of by the trial court and also appealed to this court. No record was printed in that action, and hence it is before us only in the sense that the parties have stipulated that judgment

will be rendered in accordance with the opinion in the present case.

The assignments of error, while stated in considerable detail, really present a single issue of law that is controlling. This is whether the facts set forth in the finding support the court's conclusion that the plaintiffs entered into a release agreement with Algonquin which bars recovery for the damage alleged in the complaint.

From so much of the finding as is not attacked, the following facts appear: The plaintiffs are the owners of a parcel of land situated in the towns of Naugatuck and Prospect. By petition dated March 17, 1952, Algonquin brought a condemnation action to secure a permanent easement and right of way on and over the plaintiffs' land for the purpose of constructing, maintaining and operating a natural gas pipe line. Thereafter, Algonquin applied to the Superior Court at Waterbury for immediate entry upon the property. The matter was set for a hearing on April 8, 1952. On April 19, 1952, the plaintiffs executed two documents. One was denominated a grant of easement. The other was denominated an advance damage release. Each of the documents was signed by the plaintiffs' attorney as a witness. Their execution was a consequence of a settlement of the condemnation action which was then pending. The two documents were admitted as exhibits in the present action and are part of the finding. The plaintiffs offered the grant of easement. It sets forth, by reference to the land records, the parcel owned by the plaintiffs and describes in meticulous detail the projected right of way over the land. The consideration moving to the plaintiffs for the grant of the right of way is stated as $59, receipt of which is

acknowledged. The advance damage release was offered by Algonquin. It acknowledges receipt of $3441 in full settlement "for all detriment, injuries and damages of whatsoever nature and character to land . . . incident to or in connection with the construction by [Algonquin] of a certain pipe line or pipe lines to be laid on, over or through certain lands" of the plaintiffs "[a]s described in [the] right-of-way agreement," and releases Algonquin from claims in connection with the construction of the pipe line.

The plaintiffs argue that the advance damage release was in reality an integral part of the granting of an easement and that Algonquin is liable in damages for its admitted acts in leaving rocks and debris piled on the plaintiffs' land along the route of the actual installation of the pipe line and beyond the limits of the right of way as described in the grant of easement. The claim is asserted that the plaintiffs were merely releasing Algonquin of any claim in connection with damage to the narrow right of way strip and that the advance damage release had no reference to other land of the plaintiffs. This claim is not tenable, for the entire land of the plaintiffs was described in the grant of easement and hence, by reference, in the advance damage release. The court found that the advance damage release was fair, clear and free from ambiguity. By its terms Algonquin was released, acquitted and discharged "from any and all claims and detriment, injuries and damages" in connection with the construction of the pipe line. The contention that the release is not a release but only an extension of the grant of the right of way conflicts with the unambiguous wording of both the release and the grant. Both documents support the court's conclusions.

The plaintiffs seek to have this court retry the case. This we do not do. *Hudick* v. *Tycz,* 142 Conn. 715, 718, 118 A.2d 306.

It is not necessary to discuss the claim that the court had no right to disregard the proffered testimony of what it would cost to remove the rocks and debris. The court found that the plaintiffs were barred from recovery, and the ruling on evidence is of no moment.

There is no error.

In this opinion the other judges concurred.