DAVID GREENBERG, TRUSTEE IN BANKRUPTCY (ESTATE OF ORMSBEE AND GILBERT, INC.) *v.* JULIUS M. HARRISON ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 2—decided June 25, 1956

*Charles G. Albom,* for the appellants (defendants).

*Isadore Chaplowe* and *Anthony V. DeMayo,* with whom, on the brief, were *Morton Weiss* and *James R. Greenfield,* for the appellee (plaintiff).

WYNNE, J. This action was brought by the trustee in bankruptcy on the estate of Ormsbee and Gilbert, Inc., an advertising agency in Milford. Originally there were three defendants, each of whom was a director of the corporation during the period shortly before it was adjudicated a bankrupt. When the case came on for trial, one defendant was dropped. The remaining defendants are Julius M. Harrison, a dentist practicing in Milford, and his son, Henry S. Harrison. The latter, at the time of the events of moment immediately prior to the bankruptcy, was a student at the Wharton School of Finance in Philadelphia.

The defendants have made a wholesale attack on the finding, but no corrections which would alter the result we reach are warranted. The defendants have sought, in effect, to have this court retry the case, which is not its function. *Hudick* v. *Tycz,* 142 Conn. 715, 718, 118 A.2d 306. The pertinent facts are as follows: In June, 1950, the corporation was in need of financial assistance, but it managed to pay its bills and to continue operations without suffering

the loss of any of its clients and without being harassed by creditors. Dr. Harrison examined the books and finances of the corporation and decided to put some money into the business. On June 12, 1950, he entered into a written agreement under which he was to loan $10,000 to the corporation. New stock was to be issued, of which he was to receive one-half. This stock was to be held in escrow pending the repayment of the loan, but Dr. Harrison was to have the power to vote it. The agreement provided that the $10,000 loaned "shall continue to be a loan for one (1) year, or unless said loan is sooner repaid by unanimous vote of the Board of Directors." New officers were elected and Dr. Harrison became secretary-treasurer. The new directors included himself and his son, Henry S. Harrison. As security for the loan, all the accounts receivable of the corporation were to be assigned to Dr. Harrison. As soon as these accounts were paid, other accounts receivable were to be assigned. A meeting of the directors was held on June 12, 1950, at which a vote "authorized the physical assignments of the present Accounts Receivable and such accounts receivable as they are incurred and become due and owing to said corporation." No list of the accounts receivable assigned was ever made in writing, but thereafter, on the daily work sheets, accounts receivable were marked with the legend "J. M. Harrison, assignee." At a special meeting on June 13, 1950, it was voted that "on the bank account with The Milford Trust Company the signature of J. M. Harrison as Secretary-Treasurer of said Ormsbee & Gilbert, Inc. be the sole signature necessary." On June 12, 1950, the notes payable by the corporation amounted to $4500. On that date Dr. Harrison paid $7000 under his agreement to loan, and the notes payable total

was increased to $11,500. This total was further increased to $14,500 in July, 1950, when Dr. Harrison made a payment of $3000, the balance he had agreed to loan.

Between June 12 and September 12, 1950, Dr. Harrison withdrew $2472.51 from the funds of the corporation, and between September 12 and October 19, he withdrew $7527.49, thus satisfying his loan in full. These withdrawals affected the corporation's credit and weakened its financial structure. At a meeting of the directors on October 19, 1950, the withdrawals of Dr. Harrison from the business were discussed. All the directors were present except Henry S. Harrison, who had given his father, Dr. Harrison, his proxy to act in his behalf. No formal vote was taken approving the withdrawal of $10,000 from the corporation's funds to repay Dr. Harrison. A unanimous vote could not be secured because Henry S. Harrison was not present at the meeting except by proxy. Thereafter, efforts were made to revive the business, but Dr. Harrison did not put any money back into it, although he and his wife and another man and his wife had come to constitute the board of directors. Dr. Harrison knew when he withdrew the money that the repayment of his loan would have an adverse effect upon the business of the corporation. On January 2, 1951, the board of directors authorized the filing of a petition in bankruptcy. On January 5 the petition was filed, and on January 12 the corporation was adjudicated a bankrupt. It had been insolvent since June, 1950. Dr. Harrison knew of the insolvent condition at all times.

The complaint is in three counts. The first charges that the defendant Julius Harrison withdrew corporate funds in repayment of the loan made by him,

within four months of the adjudication in bankruptcy and when the defendants knew that the corporation was insolvent. The theory of this count apparently was that this conduct created a voidable preference under §§ 60a and 60b of the Bankruptcy Act. 30 Stat. 562, as amended, 11 U.S.C. §§ 96(a), (b). The second count charges the withdrawal of moneys to repay the loan made by Dr. Harrison, in violation of the written agreement as to how repayment should be made. The third count charges mismanagement of the corporation by the defendants as directors, with resulting financial damage to the corporation.

The claim is made in behalf of the defendants that the assignments of accounts receivable were valid and that Dr. Harrison had the right to withdraw money from the corporation to repay his loan. We will lay aside the question whether the assignments were valid. The terms of the agreement specifically stated that the loan should continue for one year and should not be repaid sooner without the unanimous consent of the directors. No formal vote of the directors was ever taken to grant such consent. Even if an informal vote was taken, or, as claimed by the defendants, it was the understanding that the loan should be repaid, the vote could not be unanimous because the proxy of Henry S. Harrison was ineffective to make it so. The affairs of a corporation are in the hands of its board of directors, whose duty it is to give deliberative control to the corporate business. *Krall* v. *Krall,* 141 Conn. 325, 334, 106 A.2d 165. This requires the physical presence of a director at directors' meetings, and he cannot act by proxy. 2 Fletcher, Corporations (Perm. Ed.) § 427; 19 C.J.S. 96, § 750. Because the sum of $7527.49 was withdrawn in violation of the agreement, at a time when the corporation was insolvent, as well as within

four months of the adjudication of bankruptcy, the claim of Dr. Harrison based upon the agreement is futile. The view which we have taken makes it unnecessary to discuss the other grounds for recovery advanced by the plaintiff.

The judgment is against both of the defendants, Dr. Harrison and his son, Henry S. Harrison. The latter appears as a mere figurehead, and there is nothing in the case, either on the theory upon which it is decided or on the basis of the other claims advanced by the plaintiff, which warrants a judgment against him.

There is error only as to the judgment against the defendant Henry S. Harrison, the judgment as to him only is set aside, and as to him the case is remanded with direction to render judgment in his favor.

In this opinion the other judges concurred.