UNITED CONSTRUCTION CORPORATION *v.* BEACON CONSTRUCTION COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 6—decided July 6, 1960

*G. Randolph Erskine,* for the appellant (plaintiff).

*Wilbur J. Land,* with whom, on the brief, was *Edward L. Marcus,* for the appellee (defendant).

SHEA, J.   In this action to recover damages for breach of contract and for a balance due for gravel sold and delivered, the plaintiff has appealed from a judgment in its favor, claiming that the court erred in assessing the amount of damages and in failing to find that the defendant was liable for a breach of contract.

The court found as follows: Early in September, 1958, the plaintiff and the defendant entered into an oral contract whereby the plaintiff agreed to furnish all the gravel required by the defendant to complete a construction contract with the federal government at Middletown.  The plaintiff agreed to make deliveries as required by the defendant, who promised to pay the plaintiff monthly when payment was received from the federal government on the defendant's requisitions for labor and materials.  On October 3, 1958, the defendant mailed to the plaintiff a written purchase order requesting it to deliver approximately 4500 cubic yards of gravel to the site, as required by the defendant.  The price specified in the order was $1.25 per cubic yard delivered. The plaintiff began deliveries on October 3, and between that date and October 18 delivered 7170 cubic yards of gravel.  As each load was delivered, a slip

was made out showing the amount of the delivery. Some of the slips for October 3 and 4 stated the price to be $2 per cubic yard. One was signed by the defendant's superintendent, while others were signed by another employee of the defendant. The superintendent did not notice the unit price on the slip which he signed. On October 18, the plaintiff told the superintendent that it needed a payment on account of the gravel already delivered. The superintendent said that he would try to obtain a check, if the plaintiff would submit a bill. On October 21, the plaintiff sent an employee to the defendant's office to obtain payment for the gravel which had been delivered. The employee produced slips showing the amount of daily deliveries computed at $1.25 per cubic yard. There were no slips for October 9, 15 and 16. The plaintiff had stopped deliveries on October 18. Although the defendant was in need of gravel between October 18 and 25 and requested the plaintiff to furnish it, the plaintiff failed to do so. The defendant's contract with the federal government imposed a penalty for failure to complete the work on time. Consequently, the defendant required speedy delivery to enable it to finish within the time specified. When the plaintiff failed to make deliveries as required, the defendant terminated the plaintiff's contract and purchased its remaining requirements of gravel elsewhere.

The court concluded that the failure of the plaintiff to make delivery constituted a breach of the contract. Judgment was rendered in favor of the plaintiff, at $1.25 per cubic yard, for all gravel delivered to the date of the breach. The plaintiff has made a sweeping attack upon the finding. In the first assignment of error, no less than twenty-six paragraphs of the draft finding are listed as paragraphs

which should have been found as admitted or undisputed facts. Upon analysis, it appears that these facts are not undisputed. *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. Other requested changes cannot be made, because they are immaterial. *Investors Mortgage Co.* v. *Schiott,* 143 Conn. 61, 64, 118 A.2d 897. The case presented controversial issues of fact which were solely within the province of the trial court to decide. *Katz* v. *Martin,* 143 Conn. 215, 217, 120 A.2d 826.

One of the issues in the trial involved the price to be paid for the gravel. While there was evidence to support the plaintiff's contention that the defendant agreed to pay $2 per cubic yard, there was also evidence from which the court could find that the agreed price was $1.25. The facts found were based on conflicting evidence. It was within the province of the trial court to resolve the dispute in the evidence. *Vangor* v. *Palmieri,* 143 Conn. 319, 321, 122 A.2d 312.

The plaintiff maintains that the court erred in finding that the defendant was justified in terminating the contract. Here again, the court was called on to determine the facts on conflicting testimony. There was evidence to show that the defendant was pressing for delivery in order to complete its contract on time. The president of the plaintiff had been urged to make faster deliveries. Although he was aware of the defendant's need for material, no deliveries were made after October 18. The plaintiff was in need of money and asked for a payment before it became due. Under the existing circumstances, the defendant was warranted in ordering gravel from another source. *O'Keefe* v. *Bassett,* 132 Conn. 659, 662, 46 A.2d 847.

A substantial part of the appeal deals with a claim for recovery for damage to one of the plaintiff's trucks which became mired while gravel was being delivered to the site. The plaintiff has attacked the court's conclusion that the damage to the truck was not due to any neglect or omission of the defendant. The complaint fails to furnish any basis for recovery for the damage to the truck. Although paragraph four alleges that the plaintiff's trucks were damaged, there is no suggestion, much less any allegation, that the damage was caused by the negligence of the defendant. The plaintiff cannot recover upon a cause of action not alleged in its complaint. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826; *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 552, 115 A.2d 460.

There is no error.

In this opinion the other judges concurred.