ALFONSE PACILEO *v.* PHILIP PACILEO

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 8—decided May 2, 1961

*B. Fred Damiani,* for the appellant (plaintiff).

*Morris W. Mendlesohn,* for the appellee (defendant).

PER CURIAM. The plaintiff and the defendant are brothers. The defendant was employed in New Haven at the Casablanca Restaurant, which had a liquor license. The plaintiff and the defendant had a discussion about the purchase of the restaurant. The defendant did not have a good reputation, and his police record was such that the liquor control commission would not approve him as a suitable person to hold a liquor license. The restaurant was purchased in March, 1944, and because the defendant was not a suitable person for a liquor license, it was represented to the commission that the plaintiff was the owner. From 1944 to 1952, both parties performed services in the operation of the restaurant, and during those years the plaintiff was registered as the owner or backer of the restaurant on the liquor licenses. In 1952, the commission approved the defendant as a suitable person for a liquor license. Thereupon, an instrument purporting to be an agreement of sale was executed to make it appear to the commission that there had been a change in the ownership of the restaurant. Under the provisions of the instrument, the restaurant purportedly was sold by the plaintiff to the defendant for $15,000, of which the defendant was to pay $2500 upon the execution of the instrument and the remainder in $100 monthly payments. No bill of sale or note was ever executed or exchanged, nor was any money ever paid in accordance with the provisions of the instrument. The plaintiff brought this action to recover the sums allegedly due him, and the complaint recites that the defendant has failed to pay any part of the $15,000. From a judgment for the defendant, the plaintiff has appealed.

The court concluded that the instrument executed by the parties was not in fact an agreement of pur-

chase and sale and was not intended to and did not create any obligation. The court came to this conclusion after it determined that the evidence did not establish the true facts as to the ownership of the restaurant; that the instrument was executed for the sole purpose of manufacturing apparently credible evidence, for use before the liquor control commission, as to an apparent transfer of ownership; and that neither the testimony of the plaintiff nor that of the defendant could be given credence.

The burden was on the plaintiff to prove by credible evidence the agreement alleged in the complaint and a breach of it by the defendant. The plaintiff failed to sustain that burden. The case presented controversial issues of fact which were solely within the province of the court to decide. *Katz* v. *Martin*, 143 Conn. 215, 217, 120 A.2d 826.

There is no error.