Herman A. Heise President Board of Trustees of Indian River Community College Fort Pierce
QUESTIONS:
1. Is it possible for an absent board member ot authorize a proxy vote at community college board of trustees meetings?
2. Which is the most appropriate description in board minutes when all board members present vote affirmatively (or negatively): Motion carried unanimously; all present voted affirmatively (or negatively); other?
SUMMARY:
In the absence of statutory authority, the board of trustees of a community college district is not empowered to provide for proxy voting by the members of the board. The board of trustees must comply with a rule of the State Board of Education which requires the board to keep minutes which reflect the individual vote of each member present on all matters on which the board takes action.
AS TO QUESTION 1:
Your first question is answered in the negative.
Section 230.753(2)(a), F. S., provides:
 There is created as a body corporate for each community college district a board of trustees which, under statutes and other rules and regulations of the state board, has all powers necessary and proper for the governance and operation of the respective community colleges. (Emphasis supplied.)
Section 230.753(7), F. S., authorizes the board of trustees to appoint a community college president who `shall be the executiveofficer and corporate secretary of the board of trustees as well as the chief administrative officer of the community college.' (Emphasis supplied.)
While a public corporation does not possess the full corporate powers and duties conferred upon private corporations, State Department of Citrus v. Huff, 290 So.2d 130 (2 D.C.A. Fla., 1974),cert. denied, 295 So.2d 632 (Fla. 1974), it does operate and carry out its powers and duties in a manner similar to that of a general or private corporation. Attorney General Opinion 068-44. An examination of the provisions of part II of Ch. 230, F. S., reveals that the board of trustees of a community college closely resembles the board of directors of a private corporation in exercising its statutorily prescribed corporate powers and functions. Thus, legal principles relating to the use of proxy voting by the directors of a general corporation are analogous to and may be applied to your question. In this respect, the law is clear that in the absence of a statute to the contrary, a director is required to attend meetings of the board and may not vote by proxy. 19 C.J.S. Corporations s. 750; Greenberg v. Harrison,124 A.2d 216 (Conn. 1956); In re Acadia Dairies, Inc., 135 A. 846
(Del.Ch.Ct., 1927). Cf. s. 230.753(6), F. S., providing that it is the `duty of the chairman of each board of trustees to notify the Governor, in writing, whenever a board member fails to attend three consecutive regular board meetings in any one fiscal year, which absences may be grounds for removal.' Also cf. ss. 607.131(7) and 607.134, F. S.
Similarly, in the absence of statutory authority or valid corporate bylaws so authorizing, a stockholder may not vote by proxy. 18 C.J.S. Corporations s. 550. Cf. ss. 607.097(3) and (4) 607.101, F. S., which expressly authorize shareholders to vote in person or by proxy.
With regard to public officers, moreover, it is well established that such officers may not delegate those functions and duties which involve the exercise of discretion. State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Florida Dry Cleaning and Laundry Board v. Cash and Carry Cleaners, Inc., 197 So. 550 (Fla. 1940); 67 C.J.S. Officers s. 104, AGO's 078-68, 068-44, 068-6. Seealso Turk v. Richard, 47 So.2d 543, 544 (Fla. 1950), in which the Florida Supreme Court observed that `[t]he governing body of a municipality can act validly only when it sits as a joint body duly assembled pursuant to such notice as may be required by law.' Clearly, the act of voting on official business before the board cannot be characterized as a mere ministerial function of a public officer; it is an exercise of the legislative power which may not be performed by an agent in the absence of authorization by the Legislature. See Rich Printing Co. v. McKellar's Estate,330 S.W.2d 361, 380 (Tenn.Ct.App., 1959), in which the court stated, among other things:
 Of course an elected officer cannot delegate one to hold the office to which he has been elected in the absence of statutory authority so to do, nor to cast his vote for him. (Emphasis supplied.)
*4442 Cf. AGO 078-89 in which this office held that Florida law does not permit one to delegate to an agent the authority to register to vote for him or her; and AGO 073-260 concluding that the Legislature, unless specifically prohibited, has the authority to extend to voters the privilege of voting by proxy.
As administrative agencies, community college district boards of trustees may exercise only those powers specifically or by necessary implication granted by statutes; moreover, if there is any doubt as to the existence of authority, it should not be exercised. Attorney General Opinions 072-319, 078-12, 078-56, 078-67, and 078-68; see also State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974),cert. dismissed, 300 So.2d 900 (Fla. 1974); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944). My examination of part II of Ch. 230, F. S., reveals no provision therein which either expressly or impliedly authorizes members of the board of trustees of a community college district to cast their votes by proxy. Nor do I find any statute which permits the board to adopt a rule authorizing proxy voting. Therefore, it is clear that your question must be answered in the negative.
AS TO QUESTION 2:
Although s. 230.753 and s. 230.754, F. S., providing for the establishment, organization, duties, and powers of community college boards of trustees do not set forth any rules of procedure governing meetings of such boards, rules of the State Board of Education provide pertinent guidelines. See s. 230.753(2)(a), F. S., providing that the board of trustees shall have `under statutes and other rules and regulations of the state board [of education] . . . all powers necessary and proper for the governance and operation of the respective community colleges'; and s. 230.754(1) and (2)(e), F. S. Specifically, the State Board of Education has adopted Rule 6A-14.247(1)(b), F.A.C., relating to the contents of minutes to be kept of meetings of the board of trustees:
 (b) Minutes, contents. The minutes shall show the vote of each member present on all matters on which the board takes action. It shall be the duty of each member to see that both the matter and the vote thereon are properly recorded in the minutes. . . . (Emphasis supplied.)
See also s. 286.011(2), F. S., requiring that minutes of a meeting of a public body shall be promptly recorded and open for public inspection.
It is a well-established principle of statutory construction that when a statute by its own terms enumerates the things upon which it is to operate, it excludes from its operation all things not expressly mentioned. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); In re Advisory Opinion of the Governor Civil Rights,306 So.2d 520, 523 (Fla. 1975); Dobbs v. Sea Isle Hotel, 56 So.2d 341,342 (Fla. 1952). Moreover, a legislative directive that a thing be done in a certain way operates to prohibit its being done any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). Applying these rules to your inquiry, it is clear that the board of trustees is not authorized to record votes in a manner other than that prescribed by Rule 6A-14.247(1)(b), supra.
Furthermore, it has been held in many jurisdictions that statutory or charter provisions which prescribe the manner in which the governing body of a public agency is to vote are mandatory, and a failure to comply with them is fatal to any action taken. Seegenerally, 62 C.J.S. Municipal Corporations s. 403 and cases cited therein. This view has been adopted in Florida in the case of Nelson v. State ex rel. Axman, 83 So.2d 696 (Fla. 1953), in which the court held that where the minutes of a city council meeting showed that an ordinance was `carried by a unanimous vote,' the ordinance was invalid because it failed to reflect the yeas and nays on the ultimate passage of the ordinance as required by the municipal charter. The Nelson court relied heavily on a Michigan case — Steckert v. City of East Saginaw, 22 Mich. 104 (1870), in which it was held that the record of a vote on a municipal ordinance which demonstrated that the ordinance was adopted `unanimously on call' was invalid as it did not comport with a statute requiring that the vote of each councilman be entered on the minutes.
It is apparent that Rule 6A-14.247(1)(b), supra, contemplates that the minutes record the vote (affirmative or negative) of each member present on each issue before the board. Cf. s. 286.012, F. S. Under such circumstances, it would appear that neither of the first two alternatives presented by your inquiry comports with the requirements of said rule; the minutes should reflect the names of each person present and his vote on a particular matter. The board is not authorized by law to deviate from the procedures set forth in Rule 6A-14.247(1)(b), supra, for the reasons outlined above; therefore, the votes should be recorded in the manner contemplated by the rule and no other method is permissible.
Prepared by: Patricia R. Gleason, Assistant Attorney General