[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in which the plaintiff claims that the defendant, a painting contractor, damaged his single family dwelling when in the preparation for painting, the defendant negligently "power washed" the home, causing "gouging" damage to the wood and that he "oversprayed" paint onto his roof.
The defendant filed a pro se appearance and was defaulted for his failure to plead. The matter came before the undersigned as a hearing in damages. It is undisputed that the plaintiff retained the defendant for the purposes of painting his house pursuant to a written agreement marked Exhibit A, which provided for payment for labor only of $1,100.00. The parties agreed that the defendant did paint the home as agreed, and that the plaintiff, in fact, paid to the defendant the agreed upon sum at or about the time the services were completed which was in the summer of 1990. Sometime thereafter, the plaintiff became dissatisfied with the work performed by the defendant and instituted this action in January of 1992, approximately a year and a half after services were completed, making the claims as set forth above. The plaintiff testified at the hearing that the power washing caused the gouging to the siding of his home, and that in the process of spray painting the home, there was some overspray placed on the roof, which was unsightly. The plaintiff produced photographs of the siding of the home, Plaintiff's Exhibit B, and photographs of the roof, Plaintiff's Exhibit C. The plaintiff offered expert testimony of Peter Finley, a restoration contractor, who testified that in his opinion, the cost of repairing the damage allegedly done by the power washing would be $15,862.00, and further testified that in order to correct the overspray on the asphalt shingles that the entire roof should be replaced at a cost of $3,387.00, or a total cost of $19,249.00.
The court, after examining the photographs, does not find that the nature and extent of the "damage" was as significant as the plaintiff claims, nor does the court accept the opinion of the expert that the cost to repair the "damage" could possibly be in the area of $20,000.00. Investors Mortgage Co. v. Schiott,143 Conn. 61, 65. The court is unable to compare this claim against the diminution in the value of the property resulting in the CT Page 10057 alleged damage. The law is well settled that the measure of damages is either the cost of repair or restoration or the diminution in value resulting from the breach, whichever is less. Levesque v. D M Builders, Inc., 170 Conn. 177; Falco v. James Peters Associates, Inc., 165 Conn. 442, 445. The plaintiff offered no evidence as to the diminution in value of the house, which was essential to provide the court with a basis upon which to award damages. Gerrety Company v. Palmieri, 11 Conn. App. 226,231.
The court finds the plaintiff has established the defendant's liability, but the plaintiff has failed to address the issue of damages adequately. Accordingly, the court render, judgment for the plaintiff, and awards nominal damages in the amount of $1.00.
PELLEGRINO, J.