[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action brought by the plaintiff Lisa Arden (Arden) she claims that she was hired by the defendant Michael Glass (Glass) on a commission basis to market beverage distributorships for the defendant Canadian Cool Inc. (Canadian). Arden has alleged, and Glass has admitted, that he was a vice president of the defendant Canadian, a Florida corporation with its principal office in Kissimee, Florida. The plaintiff further claims that she had a contract with Canadian through Glass which entitled her to the receipt of certain commissions which she claims remain due to her. She seeks payment of these commissions from Glass personally. The CT Page 4192 pleadings in this action reflect that the defendant Canadian has been defaulted for its failure to appear. At the hearing on this matter both parties testified that Canadian is out of business.
In order for the plaintiff to recover against the defendant Glass she must prove that she had a contractual relationship which binds Glass personally, that the contract was breached, and that the breach resulted in damages to the plaintiff for which the defendant Glass may be held personally liable. The plaintiff seeks damages for the alleged breach. In addition, she seeks double damages and the payment of fees in accordance with the provisions of Connecticut General Statutes § 31-72, a statute which entitles the court to award double damages and attorney fees against an employer who fails to pay wages to an employee in accordance with statutory dictates.
To recover on this basis, the plaintiff must prove that she; was an employee and that either the defendant Glass was her employer or that Glass, as the Vice President of Canadian, may be held personally responsible for the obligation of Canadian, as the plaintiff's employer, to pay wages to the plaintiff.
For purposes of determining eligibility for Unemployment Compensation, Connecticut Courts have adopted the "ABC" test to determine whether a claimant is an "employee". cf F.A.S.International, Inc. v. Reilly, 179 Conn. 507 (1980).
The court finds that Arden was not an "employee". The plaintiff alleged that she contracted with Canadian, a Florida corporation, to market distributorships. She testified that she would receive leads from the defendant Glass. These leads were individuals who responded to newspaper advertisements in the New York Times offering opportunities to purchase distributorships. Her task was to contact those individuals who responded to the newspaper advertisements and to bring them to a facility maintained by Glass in Dobbs Ferry, New York. She claimed that if the "lead" made an investment in a Canadian Cool distributorship once she brought the person to New York she would be entitled to a commission. There is no allegation, nor is there any evidence, that she was under the control or direction of either defendant in the performance of her services. Nor is there any evidence that the defendant Canadian had the right to control the manner in which she performed her services. cf. Latimer v. Administrator, 216 Conn. 237
(1990). CT Page 4193
Her services were not performed in Florida. There is no evidence that Canadian had any place of business in New York. It is evident from the unrebutted testimony of Glass that the Dobbs Ferry facility was his own. Finally, the court concludes from the evidence that Canadian was a company engaged in the sale of bottled water and snack foods. It was the plaintiff, and not the defendant Canadian who was in the business of selling distributorships. The plaintiff was not an employee of the defendant Canadian.
In her pleadings the plaintiff did not claim that she was an employee of the defendant Glass. To the contrary, she alleged,inter alia, that she had a contract with the defendant Canadian "through Michael Glass". cf. Plaintiff's Complaint, First Count, paragraph 6. She further alleged that she demanded payment on commissions from the defendant Glass "as agent for Canadian Cool." cf. Plaintiff's Complaint, First Count, paragraph 7. In her Second Count the plaintiff reiterated all the allegations of the First Count adding only the conclusions that, "Defendant Michael Glass was directly responsible for the payment of commissions to plaintiff" and "Defendant Michael Glass is thus personally liable for the non payment of commissions due to plaintiff." cf.Plaintiff's Complaint, Second Count, Paragraphs 9 and 10. Thus, nowhere did the plaintiff allege that she was an employee of Glass. The plaintiff is bound by her pleadings which shape her claims.
Though found not to be an employee, the plaintiff may still be entitled to a recovery if she can prove the terms of a contract as well as its breach. In this case, the plaintiff claims that she entered into an agreement with Canadian, through Glass, for the payment of commissions relating to the sale of distributorships. She testified that if she brought an individual to Glass in Dobbs Ferry who later invested in a Canadian Cool distributorship she would be entitled to receive, as a commission, one thousand ($1000) dollars for the first five thousand ($5000) dollars invested and five hundred ($500) dollars for each subsequent investment of five thousand ($5000) dollars.
While the plaintiff testified that she would be entitled to receive a commission if the person she brought to Dobbs Ferry invested in a distributorship on any subsequent date, Glass testified that if an investment wasn't made within thirty days of the introduction the plaintiff would lose the lead, and any subsequent investment made by the plaintiff's lead would not entitle her to a commission. CT Page 4194
The plaintiff has the burden of proving her claim by a fair preponderance of the evidence. Vigorito v. Allard, 143 Conn. 70
(1955). To satisfy this burden, the quality of her evidence must be greater than the defendant's. State v. Williams, 195 Conn. 1, (1985). In a contract action, the plaintiff must prove the disputed terms of the contract as well as the defendant's breach.Pacileo v. Pacileo, 148 Conn. 728 (1961). In this case the plaintiff has not met her burden of proving her disputed claim that her entitlement to receive a commission was unlimited in time. To the contrary, the court finds as credible the claim of Glass that in order for Arden to be entitled to a commission an individual must have made an investment in a Canadian Cool distributorship within one month of the time that Arden introduced the prospective investor to Glass.
The plaintiff claims commissions due on sales relating to three individuals; Louis Prescott, Richard Bourgevie, and Philip Gerber.
As to Prescott, the plaintiff testified that Prescott invested in excess of thirty thousand ($30,000) dollars for a distributorship in Minnesota. This investment would have entitled the plaintiff to a commission of three thousand five hundred ($3500) dollars. While the plaintiff testified that she received approximately two thousand ($2000) dollars on account of Prescott, documentary evidence introduced at the trial indicates her receipt of two checks on this account totalling three thousand ($3000) dollars. cf. Plaintiff's Exhibit 1, check numbers 596 and 615. Thus, if the plaintiff's entitlement to a commission ripened upon payment of the investment funds, she would be entitled to a further payment of five hundred ($500) dollars on account of the Prescott investment.
Glass, however, claimed that Prescott's money was refunded by Canadian because the State Attorney General would not permit him to operate in the manner he had planned within the State. Glass testified that since Prescott's money had to be returned to him Canadian made charge backs against funds already advanced to the plaintiff on the Prescott account. The court is satisfied, however, that the plaintiff fulfilled her obligations to Canadian with respect to Prescott and was therefore entitled to receive commissions of thirty five hundred ($3500) dollars on his investment of thirty thousand ($30,000) dollars. Her commission was earned at the time the investment was made. She is owed the further sum of five hundred ($500) dollars from Canadian on the CT Page 4195 Prescott investment.
The plaintiff claims that she is entitled to a commission of three thousand five hundred ($3500) dollars on account of a distributorship purchased by Richard Bourgevie. The evidence with respect to this claim is scant. At the hearing on this matter, neither the amount nor the date of Bourgevie's investment was proven. There is no evidence that this information is in the possession or control of Glass. The plaintiff has not satisfied her burden of proving an entitlement to any commission on account of the Bourgevie investment.
Lastly, the plaintiff claims a commission in the amount of two thousand ($2000) dollars due to her on account of an investment made by Philip Gerber. Mr. Gerber testified at the hearing that he met Glass through Arden and that he paid fifty five or sixty thousand ($55,000 or $60,000) dollars for distributorships in the Phoenix area as well as San Diego County. He also stated that he paid a deposit for activity in Los Angeles County. Mr. Gerber testified that his payments were made to Canadian in July or August of 1993, with approximately fifty thousand ($50,000) paid while the plaintiff was still involved with Canadian and the balance paid after she left. Gerber testified further that the plaintiff was an employee of his before her involvement with Canadian and that she is presently associated with him in a business known as the United Buyers Service as a part time sales person. The reliability of Mr. Gerber's memory that his investments were made in July or August of 1993 is put in question by the fact that the plaintiff received a check dated May 28, 1993 which purports to include a commission to her due on account of a Gerber investment. cf. Plaintiff's Exhibit1, Check No. 630. The check, however, also makes reference to another name making it impossible, without clarification, to ascertain how much the plaintiff actually received on account of Mr. Gerber's investment. Similarly, with Mr. Gerber testifying that he invested "fifty or sixty thousand" ($50,000 or $60,000) dollars, the court is left without adequate information upon which to make a determination of the amount of commission left owing to the plaintiff from the defendant Canadian on the Gerber investment.
The plaintiff has not satisfied her burden of proof with respect to the amount of damages to which she may be entitled on the Gerber investment.
The plaintiff has not proven that the defendant Glass personally owes any funds to her. She has alleged in her CT Page 4196 pleadings, and the court accepts as proven, that she had a contract with Canadian. When a factual allegation in a complaint is admitted that fact cannot be disputed at trial. James Destruction,Inc., v. Upjohn, 161 Conn. 191 (1971). Factual allegations contained in the pleadings are irrefutable as long as they remain in the case. Drier v. Upjohn Co., 196 Conn. 242 (1985). Nowhere does the plaintiff claim that Glass was her employer. To recover against him, therefore, she must satisfy the court that Glass is personally liable to her for any damages caused to her by Canadian's breach of contract.
In her complaint the plaintiff alleged that Canadian was at all times relevant to the instant action a Florida corporation. cfPlaintiff's Complaint, First Count, Paragraph 2. Arden further alleged that the defendant Glass was a Vice President of Canadian. These allegations, having been admitted by Glass, are accepted by the court as proven. Under normal circumstances a corporate officer is not personally liable for the actions of the corporation. The plaintiff has offered no adequate evidence from which this court could pierce the corporate veil which may be pierced "only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice." United Electrical Contr. v. Progress Builders,26 Conn. App. 749 (1992). Nor does Canadian appear to be merely the alter ego of Glass. cf. Zaist v. Olson, 154 Conn. 563, (1967). The defendant Glass has not been proven to be personally liable to the plaintiff for any of her claimed damages.
Accordingly, judgment may enter in favor of the plaintiff against the defendant Canadian Cool, Inc., in the amount of five hundred ($500) dollars. Judgment may enter in favor of the defendant Michael Glass against the plaintiff.
Bishop, J.