ANDREW BRABAZON vs. CHARLES L. SEYMOUR.

The plaintiff sued in assumpsit for work and materials furnished the defendant under a contract, in the erection of a block of buildings. The plaintiff had drawn orders on the defendant on account of the contract, which had been accepted by the defendant, but had not been paid and were outstanding. Held that the defendant was entitled to a deduction of the amount of these orders from the plaintiff's account.

The plaintiff could recover the amounts for which he had thus drawn orders, only by producing the orders in court and delivering them up to the defendant.

Where not thus produced and surrendered the defendant would be liable to a suit upon them from the holders.

One order was accepted, "payable after any liabilities assumed prior to this date on said contract." It was found that there was enough due the plaintiff after prior liabilities were paid, to satisfy this order. Held that the acceptance, though contingent in form, had become absolute in fact.

The contract called for a certain kind of stone. The plaintiff, at the defendant's request and for his benefit, delivered another kind of stone of less cost,

the defendant not asking at the time for any allowance in his favor on account of the difference. Held that the plaintiff was under no legal obligation to allow the defendant for the difference.

ASSUMPSIT for work done and materials furnished; brought to the City Court of the city of Hartford, and tried to the court on the general issue, with notice of a set-off, before *Sumner, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is sufficiently stated in the opinion.

*Goodman,* for the plaintiff in error. ·

*Buck* and *McCloud,* for the defendant in error.

LOOMIS, J. This was an action of assumpsit to recover the balance due from the defendant to the plaintiff for work and materials furnished by the plaintiff in the erection of a block of buildings in Hartford, for the defendant, pursuant to a contract between the parties. The case was tried in the City Court and comes to this court by motion in error, by the defendant, based upon two grounds:·

1st. That the court should have deducted from the amount of the plaintiff's bill the amount of each of the orders drawn by the plaintiff upon the defendant and accepted by him, which the court refused to do.

2d. That the court ought to have deducted from the amount of the plaintiff's bill the difference between the cost of the Portland stone and the Cromwell stone, which the court refused to do.

The court made a finding of facts, from which it appears that the orders referred to were three in number, all in writing, drawn by the plaintiff upon the defendant during the progress of the work and on account of the same. One of the orders requested the defendant to pay Hungerford & Cone two hundred and ninety-one dollars and sixty-two cents, when the same should be due under the contract. One order was in favor of Abner Church, for the sum of forty-four dollars and seventy-five cents. And the other was in favor of Willis S. Bronson, for the sum of sixty-nine dollars.

These orders were severally delivered by the plaintiff to the persons in whose favor they were drawn on account of the plaintiff's indebtedness to them, and were by the several holders duly presented to the defendant for acceptance. The last two orders were accepted absolutely by the defendant. The order in favor of Hungerford and Cone was accepted conditionally, as follows:—"Hartford, August 7, 1873. Accepted, payable after any liabilities which I have assumed prior to this date on said contract. *Charles L. Seymour.*"

Though this acceptance is contingent upon the amount of prior liabilities on the contract, yet the court finds due from the defendant to the plaintiff a balance of four hundred and seventy-five dollars on account of the contract. And as the three orders above mentioned amount in the aggregate to only the sum of four hundred and five dollars and thirty-seven cents, it clearly appears that the acceptance, though contingent in form, had become absolute in fact.

The defendant, therefore, at the commencement of this suit was liable to pay each of these orders.

Two of the orders were then and still are in the hands of the persons in whose favor they were drawn. The order in favor of Hungerford & Cone was left by them in the hands of the defendant when he accepted the same, but he has no right to it, and holds it merely for them.

The first question is—Can the plaintiff in this action recover of the defendant on his original debt, the amount f these orders, without procuring them from the persons to whom they belong and delivering them to the defendant or bringing them into court and surrendering them?

We think he cannot. The authorities leave no doubt on this point.

In *Davidson* v. *Bridgeport*, 8 Conn., 472, BISSELL, J., in delivering the opinion of the court, said:—"The general rule undoubtedly is, that the payee of an indorsed note cannot recover on his original demand so long as such note or bill is outstanding in the hands of a third person. And the reason is, not that the debt has been paid, but that a suit may after-

VOL. XLII.—70

wards be brought by the indorsee, and so the party may be compelled to pay the debt a second time."

In *Bill* v. *Porter*, 9 Conn., 23, the court, after citing the rule in *Holmes* v. *De Camp*, 1 Johnson's R., 34, and *Burdick* v. *Green*, 15 Johnson's R., 247, that "where a negotiable note has been given for a debt, unless the plaintiff produces and cancels the note he shall not recover," says: "This seems to be a reasonable rule; and had it been objected at the trial that the note was not produced, I think it would have been proper to have said to the jury that, as the note was not produced and might be outstanding in the hands of a bonâ fide holder, they had a fair right to presume and ought to presume that it was received in payment."

There are numerous cases besides the above that hold that a negotiable instrument made or indorsed by the debtor will amount to conditional payment of a debt on account of which it is received. *Dayton* v. *Trull*, 23 Wend., 345; *Frisbie* v. *Learned*, 21 Wend., 450; *Kearsage* v. *Morgan*, 5 T. R., 513; *Burden* v. *Hatten*, 4 Bing., 455; *Mercer* v. *Chase*, 4 Man. & Grang., 804.

The same principle that applies to a negotiable note applies equally to any other instrument which transfers a right of action to a third party against the defendant; because the reason of the rule is the same, that the defendant is liable to be sued by such third party, and would be compelled to pay the plaintiff's debt twice, unless the plaintiff's remedy is suspended so long as the defendant's liability continues.

The legal effect of accepting a bill, note or check on account of a debt, is that of conditional payment. It implies an agreement to suspend the remedy on the original demand during the currency of the bill. Roscoe's Ev. at Nisi Prius, (10th ed.,) p. 472, and cases there cited. See also *James* v. *Williams*, 13 Mees. & Wels., 828, and Hare & Wallace's Note, p. 834; and *Price* v. *Price*, 16 Mees. & Wels., 232, and Hare & Wallace's note, p. 243.

The objection of the plaintiff to the allowance of these orders as a set-off was well taken. A set-off means a cross debt for which an action might be maintained by the defend-

ant against the plaintiff, and in this case it is very clear that the defendant could not sue the plaintiff upon any of these orders. If then no application of these orders to the plaintiff's debt could be made except under the notice of set-off, the decision below would have been correct. But in the discussion of the case an important distinction was overlooked. Set-off, which refers to mutual but unconnected debts, is a very different thing from a mere right to a reduction of the plaintiff's demand, or a claim to defeat it, in whole or in part, on account of some matter connected therewith. In this case the court should have held these orders to be a conditional payment, which suspended the plaintiff's remedy on his original demand to the amount of the orders, so long as they were outstanding in the hands of third persons, and the defendant was liable to be sued thereon.

The other alleged ground of error is the refusal of the court to deduct from the amount of the plaintiff's bill the difference between the cost of the Portland and that of the Cromwell stone. The latter cost the plaintiff less than the former, and it would be just to give the defendant the benefit of that difference; but it having been found that the change was made at the special request of the defendant, and for a benefit which he received, and as no concession in the contract price was asked for by the defendant on that account, we do not think a promise on the part of the plaintiff to make the allowance can be implied from the facts as found, and in this respect there was no error.

We find manifest error in the judgment complained of, and it is reversed and the cause remanded.

In this opinion the other judges concurred.