MAX TUCKEL ET AL. *v.* ANTHONY J. JUROVATY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

650

Argued October 13—decided November 9, 1954

*William P. Aspell,* with whom was *Edward S. Pomeranz,* for the appellants (plaintiffs).

*Irwin I. Krug,* for the appellee (defendant).

BALDWIN, J. The plaintiffs brought suit to recover the balance due on the sale of a television set to the defendant. They have appealed from a judgment for the defendant.

Stated briefly, the facts are these: The plaintiffs were engaged in the business of selling radio and television sets. On November 30, 1950, they sold a television set to the defendant for the agreed price of $340. The defendant paid $85 in cash, took the set and agreed to pay the balance of the purchase price within thirty days. On December 22, 1950, the defendant gave to the plaintiffs' agent an additional $85 in cash and indorsed to the plaintiffs and delivered to their agent a check for $170, drawn to the order of the defendant by Joseph Irving. The plaintiffs' agent stated that the check was acceptable, took it along with the $85 in cash, and indorsed "paid in full" on the bill rendered by the plaintiffs

to the defendant. The plaintiffs presented the check to the bank for payment but it was returned for insufficient funds. Three to four weeks later the plaintiffs notified the defendant that the check had not been honored. The question presented is whether the acceptance of the check and the marking of the bill as paid discharged the defendant's obligation.

In the absence of a special agreement to the contrary, the giving of a check by a debtor to his creditor does not discharge the debt until the check is paid. *Borst* v. *Ruff*, 137 Conn. 359, 361, 77 A.2d 343; *Kossover* v. *Willimantic Trust Co.*, 122 Conn. 166, 168, 187 A. 907. In the case at bar, the defendant was the indorser and not the drawer of the check. This does not alter the situation. The dishonor of the check leaves the defendant's obligation to the plaintiffs still outstanding. The indorsement of the check made it negotiable in the hands of the defendant but it did not convert it into money. 40 Am. Jur. 766, § 76. The check still retained its character as a written promise to pay in accordance with its terms.

The decision of this case turns upon whether the facts found spell out a special agreement by the parties that the acceptance of the check and $85 in cash, representing the balance due on the purchase price, constituted payment in full. The defendant argues that the court has so found. We do not so interpret the finding. The court concluded from the subordinate facts found that "[t]he acceptance of the check . . . and the marking of the defendant's bill 'paid in full' constituted payment of the $170.00 balance due the plaintiffs." This was no more than a conclusion drawn from subordinate facts. It is not a finding that there was a special agreement. In the giving and acceptance of a check to pay a

debt, it is presumed that the parties intended only a conditional payment. "Ordinarily the parties act, and the great volume of trade proceeds, upon the assumption that the condition will in due course be fulfilled. Thus the merchant who sells goods and receives a check therefor often credits the amount upon his books and perhaps issues a receipt purporting to show that the charge for them has been paid; or the holder of a note upon receipt of a check or draft offered in payment of it may surrender the note; but these and like facts in themselves will not destroy the presumption that only conditional payment has been made. They are the results of the assumption that the check or draft will ultimately be paid, rather than evidence of its acceptance in absolute payment." *Bassett* v. *Merchants Trust Co.,* 118 Conn. 586, 595, 173 A. 777; *Sperandeo* v. *Aetna Casualty & Surety Co.,* 131 Conn. 407, 410, 40 A.2d 280; 40 Am. Jur. 766, § 76. Something more than the facts found is required to demonstrate that the intention of the parties was otherwise. Nor does the fact that the plaintiffs retained the check three to four weeks after it had been returned unpaid alter the presumption that the check was accepted only as a conditional payment of the amount it represented. The plaintiff is not suing the defendant on the check. He is suing upon the defendant's promise to pay for the television set.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.