JAMES FIORILLA *v.* LAURENCE T. MOORE

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 7—decided April 22, 1964

*Robert B. Devine,* for the appellant (plaintiff).

*David Albert,* for the appellee (defendant).

PER CURIAM. The plaintiff, as vendor, and the defendant, as vendee, entered into a contract for the sale and purchase of certain premises. The defendant ordered payment stopped on a check given the plaintiff by the defendant. The check had been given to cover the second of the payments called for under the contract. Presentment of the check for payment had been withheld by agreement of the parties to permit the defendant to deposit sufficient funds to cover it. The contract contained a clause which provided that, if the defendant failed to make the payments required by the contract, he would forfeit all claim to the premises and forfeit as liquidated damages all sums paid under the contract. Under this liquidated damages provision of the contract, the plaintiff brought this suit, alleging nonpayment of the check. The court found that the unpaid check did not constitute "payment", or a sum "paid", within the terms of the contract. It therefore concluded that recovery of the amount of the check could not be had under the liquidated damages clause. See *Tuckel* v. *Jurovaty,* 141 Conn. 649, 651, 109 A.2d 262. From a judgment for the defendant the plaintiff has appealed.

In his brief the plaintiff does not specifically dispute the conclusion of the court that he could

not recover the amount of the check under the liquidated damages clause of the contract. He does claim, however, that he, as payee of the check, is entitled to collect it since it remains wholly unpaid. That cause of action was not embraced within the scope of the allegations of the complaint, and recovery thereon would not be permissible. *United Construction Corporation* v. *Beacon Construction Co.,* 147 Conn. 492, 496, 162 A.2d 707; *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826; *Berman* v. *Kling,* 81 Conn. 403, 405, 71 A. 507; see 11 Am. Jur. 2d, Bills and Notes, § 590, p. 661, § 591; 12 Am. Jur. 2d, Bills and Notes, §§ 1024, 1026, p. 44.

There is no error.