**In the Matter of Miguel PERRETTA, Debtor.**

**Miguel PERRETTA, Plaintiff,**

**v.**

**EXCHANGE NATIONAL BANK Under Trust No. 21915 and Harold Beider, Agent, Defendants.**

**Bankruptcy Nos. 80 B 5514, 80 A 1456.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Nov. 7, 1980.

Theodore D. Kahn and Max Chill, Chicago, Ill., for debtor.

Alvin J. Helfgot, Chicago, Ill., for Exchange Nat.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on Miguel Perretta's (hereinafter "debtor") complaint for a turnover order. The debtor wishes to assume the unexpired portion of a lease and the complaint requests a court order that keys to the leased premises be turned over. Debtor filed his Chapter 13 petition on May 1, 1980 and filed his amended Chapter 13 plan on August 26, 1980.

The basic issue in the case is: has there been a default under the lease so that the lessor is entitled to the assurances specified in 11 U.S.C. § 365(b)?

Certain of the facts are undisputed: debtor is the lessee and defendant is the lessor under a store lease for the premises located at 2814 N. Clark Street, Chicago, Illinois 60614. The lease term is from August 1, 1978 to July 31, 1983. Rent is payable under the lease on the 1st of each month at $500 per month. Commencing August 1, 1980 rent went up to $700 per month. The lease has a covenant against subletting or assigning the premises without written consent of the lessor. The lease also has a rider requiring the debtor to pay a share of the real estate taxes allocated to the portion of the real estate covered by the lease.

The lessor contends debtor defaulted by the making of late rental payments by failing to pay the real estate taxes and by violating the anti–assignment clause. Lessor further contends since the debtor defaulted, the lessor is entitled to the assurances set forth in 11 U.S.C. § 365(b). Particularly, the lessor feels that debtor cannot assume the unexpired term of the lease unless the debtor "provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b)(1)(C). Lessor contends debtor cannot give adequate assurance, therefore debtor cannot assume the lease.

Debtor contends that there were no defaults, therefore he can assume the unexpired term of the lease and 11 U.S.C. § 365(b) is inapplicable.

(A) Did the debtor default in the payment of rent?

The lessor's agent, Mr. LaForte, testified at the hearing. His testimony was that debtor paid rent up to August 1980, but that his rent payments were often late.

The agent did admit on cross–examination that he always accepted late payments and that he never told the debtor that late rent payments would not be accepted. The court holds that by the acceptance of late payments, lessor waived his right to prompt rent payments and is estopped from contending that debtor's late rent payments constituted a default and right to possession under the lease.

Having accepted late payments, lessor could have restored the effectiveness of the prompt payment provision by sending written notice to the lessee that late payments would no longer be tolerated. This the lessor failed to do.

The lease was in the debtor's name, yet the premises were occupied by Argentina Shoe Import, Inc. Debtor was the store's manager. However, Argentina Shoe Import, Inc. filed a petition for relief under Chapter 11 of Title 11 United States Code. Sometime in August 1980 the trustee gave the keys to the premises to lessor's agent. Debtor has not been in the premises since July 1980. The testimony varies, but both parties agree that debtor went to lessor's agent sometime in August 1980 and tried to tender the August rent to the agent. The agent refused to accept the tendered rent payment because he thought "the lease was within the bankruptcy." Also, the lessor had negotiated a new lease with a new lessee to commence on September 1980 at a monthly rental of $1,000. The court holds that the debtor in good faith tendered August rent and lessor's rejection of that tendered payment does not constitute a default under the lease attributable to debtor.

(B) Did the debtor default by failing to pay his share of the real estate taxes?

■ Debtor testified that he didn't pay his pro–rata share of the real estate taxes because he never received a bill for such taxes and he did not know how much the taxes were. Lessor's agent testified that he never sent debtor a bill for the real estate taxes. The agent further testified that he did not know how much the debtor owed for such taxes. The court holds that the debtor did not default by failing to pay "his

share of the real estate taxes based on square footage of said store" (See Debtor's Exhibit 1) since debtor never had notice of the amount he owed.

(C) Did the debtor default by assigning or subletting the lease without the written consent of the lessor?

■ The lease was in the debtor's name. However, the lessor's agent testified that there was a sign on the store saying "Argentina Shoes". Debtor also introduced into evidence a check for July rent drawn on the account of Argentina Shoe Import, Inc., 2814 N. Clark Street, Chicago, Illinois 60657. (See Debtor's Exhibit # 2) The lessor's agent further testified that rent often was paid by checks drawn on the Argentina Shoes account. The court holds that lessor had knowledge that debtor was not the occupant of the premises. Lessor never told debtor that it was unacceptable for Argentina Shoe Import, Inc. to occupy the premises. Therefore, the lessor is estopped from contending that debtor defaulted upon the lease.

The court concludes that based on the pleadings and the evidence at the hearing, the lessor has failed to show that the debtor defaulted upon his lease obligations. Since there was no default § 365(b) is inapplicable because:

> § 365(b) *applies only when there is a default* and if no default exists on the part of the trustee or debtor then § 365(b) need not be referred to . . . (Emphasis added)

2 Collier on Bankruptcy ¶ 365.04 at 365–29 (15th ed.).

WHEREFORE, IT IS HEREBY ORDERED that debtor tender to lessor the rent for November, 1980 and four months rent as and for a security deposit; said four months rent to be kept in an interest bearing savings account. At the time debtor tenders the rent and security deposit, lessor is ordered to turn over to debtor the keys to the premises so that debtor may assume the unexpired term of the lease.