**In re HARRY C. PARTRIDGE, JR. & SONS, INC., Debtor.**

**Bankruptcy No. 84 B 20398.**

United States Bankruptcy Court, S.D. New York.

Oct. 26, 1984.

Ballon, Stoll & Itzler, New York City, Burton Strumpf, New York City, of counsel, for debtor.

Hart & Hume, New York City, William Hart, Jr., New York City, of counsel, for Fidelity & Deposit Co. of Maryland.

Teitelbaum & Gamberg, P.C., New York City, Gary Ginsburg and John Battiato, New York City, of counsel, for Dauphin County Com'rs.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A creditor's motion to compel a debtor either to assume or reject an executory contract pursuant to 11 U.S.C. § 365(d)(2) raises the issue as to whether the debtor is entitled to a declaratory judgment that it was not in default under the contract in question when the creditor is willing to waive its right, for the purpose of 11 U.S.C. § 365(b)(1), to require the debtor to cure or provide adequate assurance that the debtor will promptly cure any such default.

The debtor in possession, Harry C. Partridge, Jr. & Sons, Inc., is engaged in the business of prison construction and the installation of window and door frames. In particular, it specializes in the installation of security units for prisons. On September 18, 1984, the debtor filed with this court a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

The moving creditor is Dauphin County Commissioners (the "County") who maintain and administer the Dauphin County Prison in Harrisburg, Pennsylvania. In February of 1984, the debtor entered into a contract with the County for prison equipment and construction affecting additions and renovations to the Dauphin County Prison. The debtor was to perform under the contract as a prime contractor along with other prime contractors under the aegis of the general contractor, Lambert and Intreri, Inc. Fidelity and Deposit Company of Maryland is the surety pursuant to its performance bond and labor and material bond issued to the County.

In the County's moving papers it is alleged that the debtor failed to provide a competent superintendent at the work site during the progress of the construction; failed to attend twelve construction conferences; failed to coordinate its work schedule with the work schedules of other prime contractors and failed to deliver and erect security door frames, security access frames and panels and security window frames and grilles in accordance with work schedules and the contract specifications.

In its answering papers, the debtor crossmoved, purportedly pursuant to 11 U.S.C. § 365 of the Bankruptcy Code, for an order declaring that there has been no default by the debtor in performance of the executory

contract and authorizing the debtor to assume the contract in question.

At the hearing on the motion, the County's attorney declared that time was of the essence. He stated that in view of the emergency security conditions at the prison and the need for safety and protection of the overcrowded prison population, as well as for the neighboring public community, the County was willing to accept the debtor's application to assume the disputed contract. Moreover, the County's attorney stated that the County was willing to forego its rights under 11 U.S.C. § 365(b)(1) to compel the debtor to cure or provide adequate assurance that the debtor will promptly cure any contract defaults. The debtor then took the position that unless a judgment was rendered by this court on the debtor's cross-motion declaring that the debtor was not in default under its contract, it would not assume the contract and proceed to perform thereunder, because it would not gamble with the possibility that at some later date it would be subjected to a claim by the County premised on an alleged default. In other words, the debtor is unwilling to elevate the County's contract to an administration status only to be faced later with an administration claim for breach of contract.

Manifestly, the debtor may not butter its toast on both sides. As stated in Norton Bankruptcy Law and Practice:

> If an executory contract or unexpired lease is assumed after the case is commenced, such assumption creates a new administrative obligation of the estate. Thus a subsequent breach or rejection of that obligation gives rise to an administrative claim of first priority.

1 W. Norton, Bankruptcy Law and Practice § 23.05 (1981) (footnote omitted).

■■■ The debtor's right to assume an executory contract or unexpired lease where there has been a default is expressly conditioned under 11 U.S.C. § 365(b)(1)(A) upon the debtor's duty to cure the default or provide adequate assurance that the debtor will promptly cure such default. This condition is intended to provide protection for the other party to the contract or unexpired lease and is inapplicable if no default exists, in which case the contract or unexpired lease may be assumed without the debtor having to provide adequate assurances to the creditor. *In re Ridgewood Sacramento, Inc.*, 20 B.R. 443, 445 (Bkrtcy.E.D.Cal.1982). Moreover, if the condition is excused, as in the case where the creditor either waives or is deemed to waive the condition for purposes of 11 U.S.C. § 365, an assumption of the executory contract or unexpired lease may be ordered without regard to the cure and adequate assurance requirements. *See In re Sapolin Paints, Inc.*, 5 B.R. 412, 419, 6 B.C.D. 776, 780 (Bkrtcy.E.D.N.Y.1980); *In re Perretta*, 7 B.R. 103, 105 (Bkrtcy.N.D. Ill.1980).

In the instant case, for the purpose of 11 U.S.C. § 365, the County expressly waived its right to compel the debtor to cure any default or provide adequate assurance of future performance. Accordingly, the court may then order the debtor to assume the executory contract, which relief the debtor also sought in its cross-motion, without consideration of the issues pertaining to any alleged default which the County previously asserted.

■■■ The debtor's contention that an assumption of the contract in question must be conditioned on its right to a declaratory judgment that it is not in default, is without merit. The issues pertaining to the assumption or rejection of contracts or unexpired leases must be raised by notice of motion because Bankruptcy Rule 6006(a) expressly provides that such procedure is governed by Bankruptcy Rule 9014, which relates to contested matters. *See In re Summit Land Co.*, 13 B.R. 310, 313, 7 B.C.D. 1361, 1363 (Bkrtcy.D.Utah 1981). Pursuant to Bankruptcy Rule 9014, no response is required unless the court orders an answer to a motion. This nonadversarial procedure involving a bankruptcy issue, namely the assumption or rejection of executory contracts or unexpired leases, sharply contrasts with related, or "non-core proceedings." In the latter case, Section

104(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 11 U.S.C. § 157(c)(1),[1] provides that the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment must be entered by the district judge and that there may be a de novo review of those matters to which any party has timely and specifically objected. Whether or not an action is a related proceeding depends on whether the right sued on arises under the federal bankruptcy law. *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1208 (7th Cir.1984). The instant motion, involving the assumption of an unexpired lease under 11 U.S.C. § 365, clearly involves a right under the bankruptcy law and is not a related matter. However, the debtor's cross-motion for a declaratory judgment that it may assume the contract under 11 U.S.C. § 365 because it has not defaulted in its performance does not implicate rights arising under the bankruptcy law and presents neither a contested matter nor a core proceeding. An action for breach of contract constitutes an adversary proceeding which must be commenced by a summons and complaint because such action is designed to recover money or property within the meaning of Bankruptcy Rule 7001(1). An action to obtain a declaratory judgment relating to such a contract dispute is expressly delineated in Bankruptcy Rule 7001(9) as an adversary proceeding, which also must be commenced by a summons and complaint pursuant to Bankruptcy Rules 7003 and 7004. Thus, the debtor's cross-motion to obtain a declaratory judgment with respect to the efficacy of its contract with the County is procedurally deficient and ineffective. Moreover, since the relief sought by the debtor involves a non-core proceeding it may not be asserted in the context of a contested matter under 11 U.S.C. § 365 over the objection of the other party.

 In short, the debtor wishes to assume the contract in question free from the burden that at some time in the future it might be subject to a claim by the County that the debtor's prepetition conduct or inaction amounted to a default under the contract. This it may not do because assumption carries with it all of the burdens as well as the benefits of the contract. *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 304 (Bkrtcy.S.D.N.Y.1983); 8 Collier on Bankruptcy ¶ 3.15[7], at 205–06 (J. Moore 14th ed. 1978).

The County's motion is granted to the extent that the debtor is directed to assume or reject the contract in question by the end of business on October 31, 1984. The debtor's motion to assume the contract in question is similarly granted to the extent indicated, whereas its request that such assumption be conditioned on a favorable declaratory judgment that it had not defaulted under the contract is denied.

---

1. HR 5174, 130 Cong.Rec. H7473 (daily ed. June 29, 1984), codified at 28 U.S.C. § 157. The jurisdictional provision of the 1984 Bankruptcy Amendments and Federal Judgeship Act of 1984 describing the treatment of non-core matters took effect on the date of enactment of the Act as set forth in section 122(a). *See* HR 5174, 130 Cong.Rec. H7475 (daily ed. June 29, 1984). The law was enacted on July 10, 1984 with the result that 28 U.S.C. § 157 applies to the instant case which was filed on September 18, 1984.