In re UNIVERSITY CAFETERIA, INC., Debtor.

Elliott L. HYMAN and Joseph G. Hyman, Plaintiffs,

v.

UNIVERSITY CAFETERIA, INC., Defendant.

Bankruptcy No. 683–01043.
Adv. No. 683–0023.
Civ. A. No. 84–0051–C.

United States District Court,
W.D. Virginia.
Charlottesville Division.

Feb. 7, 1985.

Paul M. Peatross, Jr., Larry J. McElwain, Charlottesville, Va., for plaintiffs.

Douglas E. Little, Charlottesville, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

In this appeal from a Chapter 11 adversary proceeding, plaintiffs seek to terminate a lease for failure to pay rent. At issue is a lease agreement between plaintiffs' predecessor-in-interest and University

Cafeteria as lessor and lessee, respectively. The lease obligated University Cafeteria, the debtor, to operate continuously as a cafeteria or restaurant and to pay "monthly rental of 3% on gross business done on the premises," never to be less than $300.00 per month. The lease further provided for termination upon lessee's failure to pay rent for 60 days.

Plaintiffs Elliott and Joseph Hyman purchased the property from George Gilmer, Jr., in June 1983. At that time, University Cafeteria had given second-floor subleases to three apartments and a retail dress shop. Debtor has never calculated and paid rent on the basis of income derived from these subleases or from any source other than food sales.

Although the lease forbade assignment or subletting without the express written consent of the lessor or his assign, Gilmer testified at trial that he did not consider the sublets of which he was aware to be violations of the lease. Immediately upon acquiring the property, however, plaintiffs demanded that debtor terminate the upstairs subleases. University Cafeteria refused to do so, and the Hymans commenced the adversary proceeding.

Plaintiffs argued for termination on two grounds: the unauthorized subleases and debtor's payment of rent based only on the gross business done by University Cafeteria itself. Under the bankruptcy court's construction of the lease, rent would include a percentage of "food sales, liquor, video sales and rent [derived from the subleases]." Apparently finding the subleases not violative of the lease, the court held that University Cafeteria had defaulted on the lease but could cure the default under § 365 of the Bankruptcy Code. 11 U.S.C. § 365. The court's order permitted the debtor to assume the lease, provided it paid the overdue rent by July 9, 1984.

Plaintiffs now appeal the bankruptcy court's determination that debtor may cure its default under § 365. Debtor contends that there was, in fact, no default, since rent was not to include a percentage of the income derived from subleases, video games, or special charges. Conversely, plaintiffs argue that they should receive a percentage of the gross business done by the retail sublessees and of the income derived from all other moneymaking operations on the premises.

■ Section 365, on which the bankruptcy court predicated debtor's right to cure, applies only before confirmation of the reorganization plan. Here confirmation occurred on September 30, 1981, well before the cafeteria's breach against plaintiffs in 1983. The bankruptcy court's reliance on § 365, therefore, was ill-placed.

■ Section 1127(b) of the Bankruptcy Code governs once the plan has been confirmed and permits modification only if "substantial consummation of the plan" has not yet occurred. As defined in § 1101(2) of the Code, "substantial consummation" means

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

Because the plan in question had thus been substantially consummated at the time of default, it may no longer be modified. In the absence of applicable provisions in the Bankruptcy Code, this court turns to Virginia law.

■ Although University Cafeteria did default on the lease, the bankruptcy court correctly found that such default was occasioned by the ambiguity in the lease provision setting rent as a percentage of gross business. This court must now determine, first, how properly to construct the percentage rent provision and, then, how to enforce the lease in light of its ambiguity.

The bankruptcy court held that "3% of the gross business done on the premises"

should be calculated on the basis of "food sales, liquor, video sales and rent." Plaintiffs have not persuaded this court that it should second-guess the trial court's interpretation of that clause. Indeed, the Virginia rule of construction would favor the lessee where, as here, the lease was prepared by the lessor. *Monterey Corp. v. Hart,* 216 Va. 843, 845, 224 S.E.2d 142, 144 (1976).

■ Notwithstanding this favorable construction, debtor clearly failed to comply with the lease and may not cure its default under § 365 of the Bankruptcy Code. Termination of the lease is not, however, the inevitable consequence. Indeed, such harsh enforcement of the lease agreement would conflict with a basic principle of Virginia law:

> The general principle that contractual provisions for forfeiture are looked upon with disfavor by the courts is applicable to contracts of lease. Such stipulations are strictly construed and when they are invoked by a landlord for nonpayment of rent, equity may relieve against them if complete justice can be done by the payment or tender of the arrears. It is recognized that payment of the rent is the object of the contract, and that the provision for forfeiture is inserted to insure this result.

*Galvin v. Southern Hotel Corp.,* 154 F.2d 970, 973 (4th Cir.1946) (applying Virginia law). In the instant case, plaintiffs could be made whole by debtor's mere payment of arrearages, plus appropriate interest. That the default was the result of an ambiguilty in the lease lends further support of debtor's argument against termination. To compel a forfeiture in this case would work an injustice.

University Cafeteria should thus be permitted to cure its default. Although the bankruptcy court relied on § 365 of the Bankruptcy Code, not on the Virginia principle cited here, this court's decision is the same as that reached by the bankruptcy court. Consequently, the decision of the bankruptcy court is affirmed.