In re OFFICES AND SERVICES OF WHITE PLAINS PLAZA, INC., the Offices and Services Group, Inc., Offices and Services of Three Landmark Square, Inc., Offices and Services of Landmark Square, Inc., Offices and Services of One State Street, Inc., Offices and Services of Bridgeport, Inc., Offices and Services of Atrium, Inc., Offices and Services of Two Soundview, Inc., Offices and Services of New Canaan, Inc., Offices and Services of Summer Street, Inc., Offices and Services of 60 Arch Street, Inc., Offices and Services, Inc. (300 Broad Street), Debtors.

Bankruptcy Nos. 85 B 20127 to 85 B 20138.

United States Bankruptcy Court, S.D. New York.

March 6, 1986.

Wofsey, Certilman, Haft, Lebow & Balin, New York City, for debtors; Martin Brecker, of counsel.

Charles H. Weintraub, New York City, for Delmonaco Properties.

### DECISION ON MOTION FOR AN ORDER GRANTING NEW TRIAL

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtors in possession in this substantively consolidated case have moved for an order pursuant to Bankruptcy Rule 9023 and Rule 59(a)(2) of the Federal Rules of Civil Procedure for an order granting a new trial of a previous motion under 11 U.S.C. § 365(d)(4) to assume an unexpired

lease at 999 Summer Street, Stamford, Connecticut and extending the time to assume or reject this lease up to and including the date an order may be entered confirming a plan of reorganization. The debtors limit their motion for a new trial to the issue of whether or not the debtors' authority to cure the rent defaults under the lease may be postponed pursuant to 11 U.S.C. §. 1124(2) until the time for confirmation of the plan of arrangement, at which time the debtors will propose the reinstatement and performance required under a promissory note which the debtor, Offices and Services of Summer Street, Inc., previously gave to the lessor, Delmonaco Properties ("Delmonaco"), in substitution for rent arrears under the lease. Offices and Services of Summer Street, Inc., has also defaulted in making payments under the promissory note. This court previously ruled that such debtor's failure to make monthly interest payments in accordance with the terms of the promissory note precluded the debtor from asserting that the delivery of such note to the lessor was a satisfaction of the unpaid rent. *Offices and Services of Summer Street, Inc.*, 56 B.R. 607 through (Bankr.S.D.N.Y.1986).

## FACTS

Debtor, Offices and Services of Summer Street, Inc., filed with this court its petition for reorganizational relief under Chapter 11 of the Bankruptcy Code on March 19, 1985. Similar Chapter 11 petitions were also filed at that time by ten related entities. Each debtor is in the business of leasing office space in commercial buildings and then subletting furnished office space and providing office services to others who wish to engage in business operations in the leased offices. Substantive consolidation was approved by the court on December 20, 1985.

Offices and Services of Summer Street, Inc., one of the consolidated debtors, sought an order prior to consolidation, pursuant to 11 U.S.C. § 365(b) authorizing its assumption of a lease with Delmonaco, the lessor, for office space located at 999 Summer Street, Stamford, Connecticut. The debtor contended that its only unpaid prepetition rent obligations to the landlord, Delmonaco, covered the period from March 1, 1985 through March 18, 1985. The debtor's motion was denied because the debtor did not offer to cure the amount it owed under a promissory note given to Delmonaco as a conditional payment of an underlying rent obligation which was also in default. The debtor's default under the note rendered the entire unpaid rent obligation due and owing for purposes of cure under 11 U.S.C. § 365(b).

The consolidated debtors now argue that the court's denial of the motion to assume the Summer Street lease did not address the issue of whether or not the lease could be assumed as part of a plan of reorganization by rendering the landlord unimpaired under 11 U.S.C. § 1124. The debtors have since filed a plan of reorganization wherein they propose to assume the lease and cure the default under the lease by means of reinstating the unpaid note pursuant to 11 U.S.C. § 1124 and by paying the rent arrears for the period from March 1, 1985 through March 18, 1985.

The lessor, Delmonaco, argues that it objected to the purported attempt to assume the lease and demanded that if the debtors wished to assume the lease they must cure all the defaults, including the unpaid rent for which the defaulted promissory note was given as conditional payment. The lessor maintains that the debtors may not now delay assumption of the lease until confirmation of the proposed plan and that a reinstatement of the unpaid promissory note pursuant to a plan of reorganization does not cure the debtors' default in the payment of rent. In short, the lessor wants its unpaid rent cured now and does not want to hold a reinstated promissory note in accordance with the terms of a plan of reorganization that may or may not be confirmed.

## MAY "CURE" UNDER § 1124 SUPERSEDE "CURE" UNDER § 365(b)?

The power to cure defaults under 11 U.S.C. § 1124 is relevant only in the con-

text of a plan of reorganization and is contingent upon confirmation of the entire plan. *Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.),* 778 F.2d 1374, 1380 (9th Cir.1985). Section 1124 specifies three ways in which the plan may leave a claim or interest unimpaired for voting purposes. Whether or not a claim or interest is impaired is important because under 11 U.S.C. § 1129(a)(8) a plan of reorganization may be confirmed only if each class of claims or interests has accepted the plan or such class is not impaired under the plan. If a class is impaired and does not accept the plan, then the plan must meet the requirements of 11 U.S.C. § 1129(b)(2). One of the methods for causing a class of claims or interests to be regarded as unimpaired is expressed in 11 U.S.C. § 1124(2) as follows:

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest; ...

The foregoing unimpairment method has reference to all claims, whether secured or unsecured. On the other hand, 11 U.S.C. § 365 deals expressly with a specific type of claim, namely a claim that arises under an executory contract or an unexpired lease. The subject matter of the debtors' motion involves an unexpired lease.

■ Pursuant to 11 U.S.C. § 365(b), and unlike the concept of cure under 11 U.S.C. § 1124(3), which is determined as of "the effective date of the plan,"

... a debtor in possession may not assume an unexpired lease on which the debtor has defaulted unless, at the time of assumption, the debtor "cures, or provides adequate assurance that [it] will promptly cure, such default." 11 U.S.C. § 365(b)(a)(A). The debtor in possession must also "provide [ ] adequate assurance of future performance under such ... lease." *id.* § 365(b)(1)(C).

*LJC Corporation v. Boyle,* 768 F.2d 1489, 1491 (D.C.Cir.1985) (footnote omitted). Thus the time frame for curing defaults under executory contracts or unexpired leases pursuant to 11 U.S.C. § 365 requires that any such assumption must be accomplished before confirmation of a Chapter 11 plan if the other party to the contract or lease invokes the conditions imposed under § 365(b). *GATX Leasing Corp. v. Airlift International, Inc. (In re Airlift International, Inc.),* 761 F.2d 1503, 1508 (11th Cir.1985); *Hyman v. University Cafeteria, Inc. (In re University Cafeteria, Inc.),* 47 B.R. 404, 405 (W.D.Va.1985); *In re Webster Clothes, Inc.,* 36 B.R. 260, 264 (Bankr. D.Md.1984); *Bistrian v. Easthampton Sand & Gravel Co., Inc. (In re Easthampton Sand & Gravel Co., Inc.),* 25 B.R. 193, 198 (Bankr.E.D.N.Y.1982). "Once the lessor exercises his right to demand assumption, the debtor is no longer free to cure defaults at will until confirmation of the plan." *Glimcher v. Washington Distributors, Inc. (In re Cook United, Inc.),* 53 B.R. 342, 345 (Bankr.N.D. Ohio 1985).

■ In the instant case, the lessor, Delmonaco Properties, requested the court to order the debtors to cure the rent defaults under the lease as a condition precedent to the debtors' right to assume such lease. The debtors wish to ignore the requirements under 11 U.S.C. § 365(b) and to employ 11 U.S.C. § 1124 as a substitute for providing a prompt cure and adequate assurance of prompt compensation before confirmation. The requirements of prompt cure or adequate assurance of prompt compensation may not be overriden by reference to 11 U.S.C. § 1124, which applies to confirmation standards. The need for adequate assurance of prompt cure addressed

in 11 U.S.C. § 365(b)(1)(A) is comparable to the concept of adequate protection expressed in 11 U.S.C. § 361 and required under sections 362, 363 and 364 of the Bankruptcy Code. Adequate protection is not a confirmation standard.

We note that "adequate protection" is not a standard the Bankruptcy Code uses in connection with confirmation decisions. Instead, the adequate protection requirements apply primarily in the context of preconfirmation proceedings. *Prudential Insurance Company of America v. Monnier (In re Monnier Brothers),* 755 F.2d 1336, 1340 (8th Cir.1985).

Not only do the debtors disregard the requirements under 11 U.S.C. § 365(b) that when a lessor objects to a debtor's proposal to assume an unexpired lease the debtor must cure any defaults or provide adequate assurance of prompt cure, but the debtors also seek to circumvent this court's amended order authorizing substantive consolidation that was entered on December 30, 1985. The amended order authorized substantive consolidation on condition that the Summer Street lease was assumed by the consolidated debtors before confirmation. This point was expressed in the second and last decretal paragraphs, which read as follows:

ORDERED, ADJUDGED AND DECREED provided the debtors assume the lease for premises located at 999 Summer Street, Stamford, Connecticut (the "Lease Assumption"), the motion of the Debtors and Debtors-in-Possession for substantive consolidation is granted; ...

\*    \*    \*    \*    \*    \*

ORDERED, ADJUDGED AND DECREED, that in the event the Lease Assumption does not occur, then this order shall be void and of no force and effect without prejudice to the right of the Debtors and Debtors-in-possession to renew their motion for substantive consolidation.

In the case of *Brady v. Andrew, (In re Commercial Western Finance Corp.),* 761 F.2d 1329 (9th Cir.1985) it was held that a Chapter 11 trustee may not circumvent 11 U.S.C. § 544 by not filing individual adver-

sary actions to avoid unperfected security interests and instead provide for their avoidance in the confirmed plan. So too, these debtors may not circumvent the requirements under 11 U.S.C. § 365(b) for cure or adequate assurance of prompt cure by proposing to reinstate the defaulted promissory note under their plan of reorganization and render the lessor unimpaired pursuant to 11 U.S.C. § 1124, rather than curing the rent defaults under the unexpired lease before confirmation, as demanded by the lessor.

### CONCLUSIONS OF LAW

The debtors' proposal to employ 11 U.S.C. § 1124 as a substitute for 11 U.S.C. § 365(b) is untenable. Therefore, the debtors' motion for a new trial is denied.

SUBMIT ORDER on notice.